MOSES LONDENER, Respondent, *v.* ANTHONY LICHTENHEIM, Appellant.

### January 24, 1882.

1. It is not error to instruct the jury that they may disbelieve the testimony of any witness who has wilfully sworn falsely to any material fact, where the witnesses contradict each other upon a material point as to which it seems there is no room for mistake.

2. A man's disbelief in the existence of God does not render him incompeten as a witness.

3. The judgment will be affirmed, with damages, where the appeal is without merit and is manifestly taken for delay.

APPEAL from the St. Louis Circuit Court, BOYLE, J.

*Affirmed, with ten per cent damages.*

MAX MIERSON, for the appellant.

LOUIS R. TATUM, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an action by the payee against the maker of a promissory note. The only defence relied upon, was want of consideration. The evidence was abundantly sufficient to support the verdict and judgment for plaintiff. Plaintiff and defendant directly contradicted one another as to material matters, as to which it seems that there could be no room for mistake. The jury believed the statements of plaintiff.

1. It is contended that the court erred in instructing the jury that they might disbelieve the testimony of a witness who has wilfully sworn falsely as to any material act in controversy. There is nothing in this contention. *Kelly* v. *United States Express Co.*, 45 Mo. 428 ; 40 Mo. 52.

2. The defendant objected to the deposition of plaintiff, on the ground that he was an atheist, which defendant offered to show. The objection was overruled.

The constitution of Missouri provides (Art. II., sect. 5),

that no person shall be disqualified from testifying "on account of his religious opinions." This evidently means that a witness is competent without regard to his believing or not believing in a God who will reward the just and punish the wicked. The law leaves the matter of competency to considerations independent of the religious belief of the witness. This is the interpretation given to similar provisions in the organic law of other states. *Fuller* v. *Fuller*, 17 Cal. 609 ; *The People* v. *Jenness*, 5 Mich. 305, 319 ; *Perry's Case*, 3 Gratt. 632. The appellant argues that a belief in God is not a religious opinion, but an irreligious opinion, and that the language of the Bill of Rights does not apply to the case. So, a Catholic or a Calvinist might regard the opinion of an Unitarian, that the divine Author of Christianity was a mere man, the natural son of Joseph ; or the opinion of a Jew, that our Lord was an impostor and a rebel, as an irreligious opinion, but he would hardly deny that it was nevertheless a "religious opinion" within the meaning of the language of the constitution, as being an opinion about a question concerning religion.

3. A letter of defendant, dated ten days after the suit was brought, was offered in evidence, addressed to plaintiff, in which defendant says, that he is "not kicking at all ;" that he knows that plaintiff worked well and faithfully ; that he does not want to fight the matter, but to arrange it ; that he will pay $75 on March 1st, $100 in thirty days, and then the balance ; that plaintiff had better withdraw the suit, as defendant can easily put it off, one, two, or three years, without any trouble, and at small expense ; that there is pending a suit against him on another claim, which has been appealed, which has cost him, so far, only $10 ; that the parties to that action now want to compromise, but he has not made up his mind what to do. On this view of his facilities for obtaining delay at little expense in the way of lawyers' fees, defendant advises plaintiff to dismiss his action.

It is manifest that the appeal was purely for delay.    The judgment will be affirmed, with ten per cent damages. Judge LEWIS is absent ; Judge THOMPSON concurs.